**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

JACOB B. and AMELIA M. by their next friend Ramona Fernandez; JOSEPH S. by his next friend Charles Cusimano; ALAN W. and JACKSON J. by their next friend Hector Linares; CARTER P. and MIKAELA S. by their next friend Steven Scheckman; JUSTINE S. by her next friend Bert Babington; KATRINA R. by her next friend Claris Smith, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

LOUISIANA DEPARTMENT OF CHILDREN AND FAMILY SERVICES, DAVID N. MATLOCK in his official capacity as the Secretary of the Louisiana Department of Children and Family Services, and JEFFREY LANDRY in his official capacity as the Governor of Louisiana,

Defendants.

CIVIL ACTION NO.: 24-CV-289

JUDGE: BRIAN A. JACKSON

MAGISTRATE: SCOTT D. JOHNSON

---

**OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

---

Plaintiffs filed this lawsuit on April 10, 2024, alleging that Defendants' administration of the Louisiana child welfare system violates Plaintiffs' constitutional and statutory rights. Plaintiffs allege violations of their First, Ninth, and Fourteenth Amendment rights, the Adoption Assistance and Child Welfare Act, the Americans with Disabilities Act, and the Rehabilitation Act. Defendants moved dismiss Plaintiffs' claims on June 26, 2024. Dkt. 38. Nine days later, they filed this motion to stay discovery pending the outcome of their motion to dismiss. Dkt. 42.

Defendants have failed to meet their burden of showing good cause to support their motion to stay. Because Defendants' motion to dismiss is highly unlikely to prevail, granting a

stay is unnecessary. Additionally, Defendants have failed to provide any information to support their claim that continuing discovery presents an undue burden or amounts to an unreasonable expense. Granting a stay would be prejudicial to Plaintiffs. And it would impede the public interest in expeditious resolution of a case involving the expenditure of public monies and the protection of vulnerable children's constitutional rights.

## I. LEGAL STANDARD

Defendants seek a protective order under Federal Rule of Civil Procedure 26(c)(1), which provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking to stay discovery "bears the burden of showing that a protective order is necessary." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017). This requires "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)); *see also Cohan v. TMBC, L.L.C.*, No. 18-1072-BAJ, 2019 U.S. Dist. LEXIS 72210, at *5 (M.D. La. Apr. 30, 2019); *Doe v. City of Austin*, No. 1:22-cv-00299, 2022 U.S. Dist. LEXIS 166059, at *6 (W.D. Tex. Sep. 14, 2022).

While this Court "has broad discretion and inherent power to stay discovery," *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted), a stay is not automatically granted whenever a motion to dismiss is pending. *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, No. 20-2795, 2021 U.S. Dist. LEXIS 256241, at *10 (E.D. La. May 21, 2021). Indeed, "[a] stay while a dispositive motion is pending is the exception rather than the rule." *Id*.

Finally, when a court considers a motion to dismiss, the principles underlying Rules 1 and 26 suggest that it should weigh the equities. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (internal citations omitted) ("[T]he power to stay proceedings . . . calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance.”). As a matter of principle, when “there is even a fair possibility that the stay for which he prays will work damage to some one else,” the party seeking the stay “must make out a clear case of hardship or inequity in being required to go forward.” *Id*. at 255.

## II. ARGUMENT

Defendants’ request for a stay fails for three reasons. First, Defendants only conclude—with no supporting facts—that a stay will “lessen[] the cost to the State of Louisiana and conserv[e] judicial resources.” Dkt. 42-1 at 1. This does not meet their “burden of showing that a protective order is necessary.” *EEOC*, 876 F.3d at 698. Second, because Defendants do not show why they are likely to prevail on the motion to dismiss, they fail to establish good cause for a stay of discovery. Third, Defendants’ claim of sovereign immunity cannot provide good cause for a stay because it is unlikely to succeed and will not dispose of the case.

### A. Defendants fail to identify any facts that show that discovery will cause undue burden or expense.

Defendants’ motion fails from the outset: they have not made a single “particular and specific demonstration of fact” to meet their burden of proving that discovery will cause undue burden or expense. *EEOC*, 876 F.3d at 698. Instead, Defendants just conclude that discovery would “doubtless” be “exceptionally burdensome.” Dkt. 42-1 at 2. The Fifth Circuit has made clear that such “stereotyped and conclusory statements” are not enough. *Id*.; *see, e.g.*, *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (declining to grant a stay of discovery when Defendants did not assert with requisite specificity that discovery would be oppressive, unduly burdensome, or expensive).

Defendants’ motion fails on this ground alone.

### B. Defendants’ Motion to Dismiss Is Unlikely to Dispose of the Case

To establish good cause to stay discovery pending resolution of the motion to dismiss, Defendants must show that (1) the motion to dismiss is likely to succeed, and (2) success on the motion will dispose of the entire case. *See Sneed v. Abbot*, No. 21-279-JWD-RLB, 2021 U.S. Dist. LEXIS 121160, at *9 (M.D. La. June 29, 2021).

Defendants make three primary arguments: abstention, sovereign immunity, and Rule 12(b)(6) failure to state a claim. Fifth Circuit precedent indicates that Defendants cannot prevail on their abstention and immunity arguments. And even if Defendants could prevail, these arguments cannot "resolve the case entirely." *Sneed*, 2021 U.S. Dist. LEXIS 121160, at *9. Finally, Defendants' Rule 12(b)(6) arguments will not dispose of the case entirely, and the Fifth Circuit discourages stays of discovery pending resolution of Rule 12(b)(6) arguments.

**i. Defendants cannot prevail on their abstention arguments, and the resolution of their *Younger* argument would not be dispositive of this case.**

The weight of precedent strongly indicates that Defendants cannot prevail on either *Rooker-Feldman* or *Younger* abstention arguments.

***Rooker-Feldman Abstention***. While the Fifth Circuit has not yet heard a *Rooker-Feldman* abstention argument in the foster care class action context, federal courts have uniformly declined to abstain from hearing similar foster care class actions challenging state executive agency policies and practices on *Rooker-Feldman* grounds. *See Jonathan R. v. Justice*, 41 F.4th 316 (4th Cir. 2022); *A. v. Nutter*, 737 F. Supp. 2d 341 (E.D. Pa. 2010); *Jeremiah M. v. Crum*, No. 3:22-cv-00129, 2023 U.S. Dist. LEXIS 173564 (D. Alaska Sep. 28, 2023); *People United for Children, Inc. v. City of N.Y.*, 108 F. Supp. 2d 275 (S.D.N.Y. 2000).

This is because the Supreme Court has been clear that the *Rooker-Feldman* doctrine does not apply to challenges to executive action. It is "confined to" challenges to "state-court judgments." *Exxon Mobil Corp v. SaudiBasic Indus. Corp.*, 544 U.S. 280, 284 (2005). This suit

challenges Louisiana's state executive foster care agencies' actions, not the outcomes of individual state court hearings. And the Supreme Court could not be clearer: "*Rooker-Feldman* does not apply to a suit seeking review of state agency action." *Id*. at 287 (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md*., 535 U.S. 635, 644 n.3 (2002)).

***Younger Abstention***. Defendants are also unlikely to prevail on *Younger* abstention. Defendants do not adhere to the test outlined by a unanimous Supreme Court in *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013). Indeed, Defendants do not even cite this controlling opinion in their motion. Instead, they rely on cases that carry little persuasive authority after *Sprint*. *See* Dkt. 38-1 at 14-20 (citing *31 Foster Children v. Bush*, 329 F.3d 1255 (11th Cir. 2003); *Joseph A. v. Ingram*, 275 F.3d, 1253 (10th Cir. 2002); *DeSpain v. Johnston*, 731 F.2d 1171 (5th Cir. 1984)). And they make no effort to analogize Louisiana's foster care system to Indiana's or explain how the Seventh Circuit's opinion, an outlier among circuits, comports with *Sprint*.

Meanwhile, Defendants ignore the overwhelming consensus in this circuit and elsewhere that *Younger* abstention does not apply to lawsuits challenging foster care systems. *See, e.g., M.D. v. Perry*, 799 F. Supp. 2d 712, 723 (S.D. Tex. 2011); *Olivia Y. ex rel. Johnson v. Barbour*, 351 F. Supp. 2d 543, 570 (S.D. Miss. 2004); *Jonathan R. v. Justice*, 41 F.4th 316, 332 (4th Cir. 2022); *L.H. v. Jamieson*, 643 F.2d 1351, 1354 (9th Cir. 1981); *Wyatt B., et al. v. Kate Brown*, *et al.*, 6:19- cv-00556 (D. Or. September 27, 2021); *Tinsley v. McKay*, 156 F. Supp. 3d 1024, 1043-44 (D. Ariz. 2015); *Connor B. v. Patrick*, 771 F. Supp. 2d 142 (D. Mass. 2011); *Dwayne B. v. Granholm*, No. 06-13548, 2007 U.S. Dist. LEXIS 28265 (E.D. Mich. Apr. 17, 2007); *Kenny A. v. Perdue*, 218 F.R.D. 277, 286 (N.D. Ga. 2003); *Nicholson v. Williams*, 203 F. Supp. 2d 153, 231

(E.D.N.Y. 2002); *Brian A. ex rel. Brooks v. Sundquist*, 149 F. Supp. 2d 941, 957 (M.D. Tenn. 2000).

Finally, even if Defendants' *Younger* abstention argument succeeds, it will not dispose of the case. Federal courts have broad discretion to shape relief that does not violate *Younger*. *See Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971). The principles of equity driving *Younger* abstention grant "federal courts[] discretion in determining *whether to grant certain types of relief*." *NOPSI*, 491 U.S. at 359 (emphasis added). Courts may withhold relief if it unduly interferes with state court proceedings, but *Younger* does not bar federal courts from granting relief that does not cause interference.

Indeed, in *Jonathan R.*—a case substantially similar to this one—the Fourth Circuit held that there was "no reason to dismiss the case en masse before the district court has even had the opportunity to sketch out potential contours of relief." 41 F.4th at 328. That is because if the foster care plaintiffs "succeed on the merits, the court can draw careful lines so as not to interfere with individual state-court decisions." *Id*. Similarly, the Tenth Circuit in *Joseph A. v. Ingram*, remanded the case for the district court to conduct "[a] provision-by-provision *Younger* analysis" because "the fact that one provision may not be enforceable in light of *Younger* does not necessarily warrant . . . dismissing the entire action." 275 F.3d 1253, 1272 (10th Cir. 2002).

Thus, even if Defendants prevail on their *Younger* abstention argument, this litigation will not end. The district court will still have a "virtually unflagging obligation" to remedy Constitutional and statutory violations, *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), and do so in a fashion that does not violate *Younger*.

**ii. Defendants are unlikely to prevail on their sovereign immunity argument, which would not be dispositive of this case in any event.**

Defendants' claims of sovereign immunity are highly unlikely to succeed. The *Ex parte Young* exception plainly applies to Governor Landry. The claim is "(1) brought against state officials who are acting in their official capacities; (2) seek[s] prospective relief to redress ongoing conduct; and (3) allege[s] a violation of federal, not state law." *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). To determine whether Governor Landry is immune, the court "need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 646 (2002)). Plaintiffs' complaint alleges ongoing violations of federal constitutional and statutory law and seeks only injunctive relief, which is indisputably prospective.

Defendants claim that Plaintiffs have not met the low standard of showing "some connection" between the challenged state law and Governor Landry. But Plaintiffs' complaint explains that the Louisiana Department of Children and Family Services ("DCFS") "is one of the 'cabinet departments' of the Governor's office, which is under the direct control of the Governor." Compl. ¶ 44. This is a far stronger connection than a mere "broad duty to uphold state law," as Defendants claim in their motion to dismiss. Dkt. 38-1 at 31. Defendants lack a viable sovereign immunity argument.

Defendants' motion to stay conflates the question of whether there is sovereign immunity with the question of whether Governor Landry is a proper defendant whose actions sufficiently relate to the claims. The latter is not sufficient grounds to grant a stay. *See City of Austin*, 2022 U.S. Dist. LEXIS 166059, at *16 (explaining that "[t]he City conflates the doctrines of immunity and subject matter jurisdiction with a failure to state a plausible claim for relief under *Monell*.").

Finally, resolution of Defendants' sovereign immunity claims will not dispose of the case and therefore cannot provide good cause to stay discovery. Defendants do not claim that Secretary Matlock or DCFS have immunity against the section 1983 claims. Dkt. 38-1 at 30-31. Nor do they claim immunity for Governor Landry or Secretary Matlock against ADA claims. *Id*. at 46 n.46. So even if Defendants prevail on all immunity claims, which is unlikely, Plaintiffs' claims against other Defendants will survive. Thus, their sovereign immunity argument cannot establish good cause to stay discovery.

**iii. Even if Defendants could prevail on their Rule 12(b)(6) arguments, which is unlikely, Fifth Circuit precedent holds that Rule 12(b)(6) defenses are insufficient grounds to stay discovery.**

Courts in the Fifth Circuit "rarely grant[] a stay of discovery pending resolution of a motion to dismiss." *Luckey v. Conopco, Inc.*, No. 1:23-CV-723, 2024 U.S. Dist. LEXIS 5206, at *1 (W.D. Tex. Jan. 10, 2024). Stays of discovery pending the resolution of a Rule 12(b)(6) motion "are very rare, and almost never wise." *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663-RP, 2016 U.S. Dist. LEXIS 144473, at *1 (W.D. Tex. Oct. 19, 2016). Defendants have not met their burden of showing "unusual circumstances that would justify granting a stay of discovery," *Luckey v. Conopco, Inc.*, No. 1:23-CV-723-DII, 2024 U.S. Dist. LEXIS 5206, at *2 (W.D. Tex. Jan. 10, 2024), nor have they even pointed to any facts that would support even an ordinary finding of undue burden or expense.

In addition, Defendants' arguments are highly unlikely to be dispositive of the case. They would need to successfully defeat all five of Plaintiffs' claims for their motion to dispose of the case entirely. Given that in the Fifth Circuit, "a motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted," this is an unlikely prospect. *Turner v. Pleasant*, 663 F.3d 770,

775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

The merits of Defendants' arguments are dubious.

First, it is undisputed that Louisiana has a constitutional obligation to protect foster children's rights to "personal security and reasonably safe living conditions.'" *M.D. ex rel. Stukenberg*, 907 F.3d at 250. Foster children are not entitled to "optimal treatment and services," but they are "at minimum, entitled to protection from physical abuse and violations of bodily integrity" and from "egregious intrusions on a child's emotional well-being." *M.D. v. Abbott*, 907 F.3d 237, 250-51 (5th Cir. 2018).

Plaintiffs allege facts sufficient to show that Defendants have violated their substantive due process rights, and Plaintiffs allege that DCFS's systemic practices caused Plaintiffs harm. DCSF fails to provide adequate healthcare, Compl. ¶ 9, has deprived children of education for weeks or months, *id.*, and lacks the capacity to ensure the safety and wellbeing of children in its care, *id*. ¶ 7. DCSF acknowledged eight years ago that "child safety is at risk" due to its practices, and nevertheless failed to implement meaningful changes. *Id*. ¶ 18.

Named Plaintiffs' allegations contain ample evidence of Defendants' deliberate indifference to serious harm. Plaintiffs allege, as just one example, that Plaintiff Jacob B. was sexually assaulted, but despite knowing of the assault, DCFS did not remove Jacob for seven more months. *Id*. ¶ 14. Healthcare, education, and physical safety are not "optimal treatment." They are basic necessities, and their deprivation is "constitutionally cognizable." *M.D. ex rel. Stukenberg*, 907 F.3d at 251. Taking Plaintiffs' allegations as true, Plaintiffs have stated a substantive due process claim.

Next, Defendants note that Plaintiffs "fail to cite any authority" for the right to familial association. First, Plaintiffs need only plead facts, not law. Second, substantial authority exists to support the right to familial association. *See, e.g.*, *Stanley v. Illinois*, 405 U.S. 645, 651 (1972) ("The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Ninth Amendment."); *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984) (holding "certain intimate human relationships must be secured against undue intrusion by the State" and protected as "a fundamental element of personal liberty"); *Kenny A. v. Perdue*, 218 F.R.D. 277, 296-97 (N.D. Ga. 2003) (holding plaintiffs stated a viable claim that the agency violated their rights to family integrity based on allegations that the agency deprived them of meaningful visitation with family and denied services necessary to facilitate safe reunification); *Brian A. by Brooks v. Sundquist*, 149 F. Supp. 2d 941, 956 (M.D. Tenn. 2000) (same). Moreover, Defendants concede that the Supreme Court has held "the parent-child relationship to be constitutionally protected." Dkt. 38-1 at 37. Plaintiffs adequately allege violations of this clearly cognizable right. Compl. ¶ 282.

Finally, Plaintiffs have adequately stated claims under the ADA and the Rehabilitation Act. Take for example the two named plaintiffs that Defendants *concede* have adequately pled the first prong of *Olmstead*'s three-prong test: Alan W. and Jackson J. *See* Dkt. 38-1 at 35 n.42. The deterioration caused by their extended institutionalization, and the multiple escapes from those institutions, clearly indicate that they do not oppose transfer to a less restrictive setting and so satisfy the second prong. Compl. ¶¶ 85-86, 103, 106. Physicians warned that psychiatric residential treatment was too restrictive for Alan W. and recommended placement in a therapeutic foster home. *Id*. ¶ 86. And it is painfully obvious that a juvenile detention center is

too restrictive for children like Jackson J. who have not committed any crimes. *Id*. ¶¶ 106-7. It strains belief that DCFS cannot provide any setting less restrictive than psychiatric residential treatment and juvenile detention; instead, Defendants have failed to marshal those resources to ensure that foster children with disabilities are placed in the most integrated setting. This satisfies the third prong. Mismanagement of resources is not a defense against claims brought under the ADA and Rehabilitation Act.

Finally, the Court should reject Defendants' suggestion that "for some individuals the most integrated setting may *be* an institution." *Id.* Plaintiffs allege that the least restrictive setting appropriate to their needs is a foster home within the community and with sufficient support services, Compl. ¶ 298, and Defendants themselves acknowledge that Named Plaintiffs have alleged that institutionalization in their cases is inappropriate. Dkt. 38-1 at 45.

**C. Granting a stay would substantially injure Plaintiffs.**

Granting a stay of discovery will substantially injure Plaintiffs. As Secretary Matlock bluntly put it, more than 6,000 children in Louisiana are growing up in a foster care system that is in a "death spiral."[1] Granting a stay of discovery pending resolution of a motion that is unlikely to succeed and incapable of ending the case will cause unnecessary delay, exacerbate Plaintiffs' injuries, and increase the substantial risk of serious harm. Immediate discovery is necessary to the expeditious resolution of this case. The specific and concrete costs of a stay outweigh the vague and speculative benefits asserted by Defendants.

**D. Granting a stay would frustrate the public interest.**

The public interest lies in expeditious resolution of this action. Defendants are public officials and government agencies funded by Louisiana citizens. There is a strong public interest

[1] Talk Louisiana with Jim Enster, David Matlock, Marylee Orr, Molly Ryan, at 10:05 a.m. (Feb. 19, 2024), https://www.wrkf.org/show/talk-louisiana/2024-02-19/david-matlock-marylee-orr-molly-ryan.

in ensuring transparency and accountability as to how Defendants use these funds, especially when vulnerable foster children are at risk. Granting a stay would frustrate the public interest in learning whether Defendants have acted unconstitutionally and shown deliberate indifference to the risk of harm to foster care children. And it would frustrate the public interest in the vindication of Plaintiffs' statutory and Constitutional rights.

## III. CONCLUSION

For the reasons stated herein, Defendants have failed to show good cause to justify a stay of discovery pending disposition of their motion to dismiss. As such, this Court should deny Defendants' motion to stay in its entirety.

Dated: July 23, 2024

Respectfully submitted,
s/ Robert L. Redfearn, Jr.

Robert L. Redfearn, Jr. (LBSA No. 17106)
Windsor V. Richmond (LSBA No. 36645)
Kelly A. Gismondi (LSBA No. 39193)
Simon, Peragine, Smith & Redfearn, LLP
1100 Poydras St., Suite 3000
New Orleans, LA 70163
Telephone: (504) 569-2996
robertjr@spsr-law.com
windsorr@spsr-law.com
kellyg@spsr-law.com

Galen D. Bellamy (PHV)
Allison R. McLaughlin (PHV)
Kevin D. Homiak (PHV)
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244-1800
bellamy@wtotrial.com
mclaughlin@wtotrial.com
homiak@wtotrial.com

Marcia Robinson Lowry (PHV)
Julia Tebor (PHV)
David Baloche (PHV)
A BETTER CHILDHOOD

355 Lexington Avenue, Floor 16
New York, NY 10017
Telephone: (646) 795-4456
mlowry@abetterchildhood.org
jtebor@abetterchildhood.org
dbaloche@abetterchildhood.org

*Attorneys for Plaintiffs*