UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAMONA FERNANDEZ, ET AL** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 24-289-BAJ-SDJ** |
| **LOUISIANA DEPARTMENT OF CHILDREN AND FAMILY SERVICES, ET AL** | |

**ORDER**

Before the Court is Defendants' Motion to Stay Discovery (R. Doc. 42). The Motion is opposed (R. Doc. 44), and Defendants have filed a Reply (R. Doc. 65).

**I.      Arguments of the Parties**

**A.      Defendants' Motion to Stay**

Defendants seek to stay all discovery because their Motion to Dismiss (R. Doc. 38), if granted, would entirely dispose of the case, rendering discovery unnecessary. (R. Doc. 42 at 2). Defendants allege that the waste of resources would be significant "given the complexity and depth of this putative class action involving potentially thousands of plaintiffs". (R. Doc. 42 at 2). Finally, Defendants assert that their claims of sovereign immunity entitle them to immunity from discovery. (R. Doc. 42 at 2).

**B.      Plaintiffs' Opposition**

Plaintiffs argue that Defendants have not met their burden to show good cause for a protective order staying discovery. (R. Doc. 44 at 1). Citing the good cause standard for a protective order per Federal Rule 26(c)(1), Plaintiffs argue that Defendants have not met their burden to show good cause. (R. Doc. 44 at 3). First, Plaintiffs note that Defendants have made no particular, specific demonstration that discovery would cause undue burden, instead merely

concluding that discovery would "doubtless" be "exceptionally burdensome". (R. Doc. 44 at 3). Next, Plaintiffs argue that Defendants are not likely to prevail on abstention grounds in their Motion to Dismiss because *Rooker-Feldman* abstention does not apply to review of a state agency action and because *Younger* abstention will neither apply nor, if applied, dispose of the case. (R. Doc. 44 at 4-6). Finally, Plaintiffs argue that Defendants are unlikely to prevail on their argument of sovereign immunity, as the *Ex Parte Young* exception applies; and even if sovereign immunity applies to Governor Landry, it will not dispose of the case. (R. Doc. 44 at 7).

      C.      **Defendants' Reply**

Defendants argue that Plaintiffs have "overstat[ed] Defendants' burden in seeking a common-sense stay". (R. Doc. 65 at 1). Defendants allege that they are *not* seeking a protective order, but rather "a stay of *all* discovery during the pendency of an already-filed motion to dismiss". (R. Doc. 65 at 1-2). Because Defendants do not believe they are seeking a protective order, they do not believe they must meet the "heavier burden facing the typical protective-order movant". (R. Doc. 65 at 2). Defendants assert that "[t]he argument before this Court is not how Defendants' motion to dismiss will fare[], but whether this Court should stay discovery while the parties wait and see." (R. Doc. 65 at 3). Finally, Defendants argue that the burden of discovery in this case is self-explanatory (R. Doc. 65 at 4).

**II.**      **Legal Standard**

No federal or local rule, statute, or binding case law automatically stays discovery pending a ruling on a dispositive motion, absent extraordinary circumstances.[1] Indeed, "if the Federal Rules of Civil Procedure contemplated that pending motions to dismiss would stay discovery, they would

---

[1] *See, e.g. Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021) (citing *Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved.")).

contain a provision to that effect".[2] A stay of discovery in light of a pending dispositive motion is the exception rather than the rule.[3] It is an "extraordinary step" and should not be granted merely because a defendant believes it will prevail on a dispositive motion.[4] While some courts may take the strength of a dispositive motion into account when determining whether to stay discovery, this is only a cursory review of the dispositive motion to assess whether the arguments are so substantial to render discovery futile.[5]

Contrary to Defendants' strong assertion, a request to stay discovery must be considered a motion for protective order under Fed. R. Civ. P. 26(c)(1).[6] And so, courts should exercise discretion to stay discovery only for good cause, to protect from annoyance, embarrassment, oppression, or undue burden or expense.[7] The burden is on the party seeking a stay to show its necessity with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements".[8] This demonstration must necessarily allege facts beyond the ordinary costs of litigation.[9] Courts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion, because the mere existence of a dispositive motion does not constitute good cause.[10]

---

[2] *X Corp. v. Media Matters for Am.*, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024).
[3] *Notariano v. Tangipahoa Par. Sch. Bd.*, 2018 WL 3844882, at *2 (E.D. La. Aug. 13, 2018) (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)).
[4] *Valenzuela v. Crest-Mex Corp.*, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017); *Griffin v. Am. Zurich Ins. Co.*, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (citing *Glazer's*, 2008 WL 2930482).
[5] *X Corp.*, 2024 WL 1895255, at *2.
[6] *Great Lakes*, 2021 WL 7708048, at *10 (citing *Landry v. Air Line Pilots Assoc. Int'l ALF-CIO*, 901 F.2d 404, 435 (5th Cir. 1990)).
[7] Fed. R. Civ. P. 26(c)(1); *X Corp.*, 2024 WL 1895255, at *1 (quoting *Von Drake v. Nat'l Broad. Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004)).
[8] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).
[9] To argue otherwise would be to say that all litigation costs constitute an "undue burden" under the Federal Rules.
[10] *See, e.g., Great Lakes*, 2021 WL 7708048 at *10 ("[Defendant's] pending dispositive motion does not render discovery premature."); *Valenzuela*, 2017 WL 2778104, at *5 ("[A]lthough the motion to compel arbitration might, if granted, result in the complete dismissal of this case as pending in this Court, that possibility alone does not, considering all the other factors discussed above, justify taking the extraordinary step of staying discovery."); *Ashford Inc. v. United Here.*, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015) (Lynn, J.) (denying discovery stay because

Nevertheless, while discretionary stays of discovery are "very rare" in the context of a Rule 12(b)(6) motion to dismiss, that analysis is different when a party asserts a plausible defense of sovereign immunity. *Moreno v. United States*, 2024 WL 3763755, at *2 (W.D. Tex. Aug. 12, 2024) (citing cases). "A stay of discovery may be merited where the defendant raises the defense of sovereign immunity, which is a threshold issue that could be dispositive of the action." *Belfor USA Grp., Inc. v. Democracy Prep Louisiana Charter Sch.*, 2020 WL 6329470, at *4 (M.D. La. Oct. 28, 2020) (citing *Davis v. United States Army Rsrv. Through 321st Sustainment Brigade*, 2019 WL 5777387, at *2 (M.D. La. Nov. 5, 2019)). This Court, relying on Fifth Circuit precedent, routinely stays discovery pending resolution of motions to dismiss raising threshold issues such as qualified immunity. *Baxter v. Louisiana*, 2022 WL 1509118, at *1 (M.D. La. May 12, 2022) (citing cases).

### III. Discussion

Here, Defendants provide only conclusory statements that their Motion to Dismiss would dispose of the case and that discovery would be significant. Despite Plaintiffs' correct assertion of the good cause standard, Defendants in their Reply do not engage with the standard, and clearly have not met the movant's burden to show good cause for a stay of discovery under normal circumstances. However, because sovereign immunity is immunity from suit and its associated costs, and because this Court regularly stays discovery pending the resolution of such threshold issues, the Court finds it appropriate to stay discovery until a ruling has been made on the issue of sovereign immunity.

---

"the Court has a general interest in efficiently managing its docket, an interest that is rarely served by staying discovery pending the outcome of an arguably meritorious dispositive motion"); *Glazer's*, 2008 WL 2930482, at *1 ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss."); *United States. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (declining to stay discovery for pending Rule 12(b)(6) motion where movants did not show that discovery would be oppressive, unduly burdensome, or expensive).

And so,

**IT IS ORDERED** that Defendants' Motion to Stay Discovery (R. Doc. 42) is **GRANTED**, and all **discovery** is **STAYED** until the issue of sovereign immunity has been resolved. Upon resolution of the Motion to Dismiss (R. Doc. 38), the parties shall, if appropriate, file a motion for scheduling conference to set new discovery deadlines.

Signed in Baton Rouge, Louisiana, on March 4, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**